FARMER, Judge,
specially concurring.
This case involves a conviction for familial sexual battery resulting from the use of evidence of past or similar acts or crimes. Defendant was accused of having oral sex with his 8-year old niece. Before trial, the state gave notice that it would call defendant’s two half sisters to testify that 12 years earlier in California he had vaginal sex with them when they were 7 and 8 years old respectively.
Defendant moved to exclude this evidence, but his motion was not taken up by the trial court until after the jury was sworn and given their preliminary instructions. The court denied the motion in li-mine. After opening statements the state then presented three witnesses, and the trial recessed for the day. On the following day, the state requested a jury instruction on similar fact evidence, which the court gave after defendant said he had no objection to the form of the instruction but did not agree to the evidence. Another witness then testified, and he was followed by the two half-sisters. At no time before or during their testimony did defendant renew his objection to the similar fact evidence.
The general rule is that, even when a prior motion in limine has been heard and denied, the failure to make a contemporaneous objection when the similar fact evidence is actually adduced waives the issue for appellate review. Correll v. State, 523 So.2d 562 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988). Defendant argues that his failure to object when the two witnesses actually testified is a mere mechanical formality which would have been pointless. He points out that the discussion earlier that day, when the jury instruction was discussed, made clear that he continued to object to the evidence.
The contemporaneous objection rule is not a mere mechanical formality which appellate judges may overlook in an effort to do substantial justice. It serves the prophylactic function of requiring a renewal of the objection in order that the trial judge can reconsider the earlier ruling in limine in light of the evidence since adduced and while the witness is present in court to testify as to any factual inquiry made necessary by the circumstances. Hence, it is not a question of the temporal span between the ruling in limine and the actual presentation of the evidence sought to be excluded, so much as it is a recognition of what has transpired between the two events.
In this case, the rule is a bothersome thing. I have substantial questions about the use of the similar fact evidence in this case. There is the obvious difference in the character of the sexual acts to be compared, and the long passage of time between the events. More important than these two aspects, however, is the applicable text from the evidence code.
Section 90.404(2)(a), Florida Statutes (1991), provides:
(2) OTHER CRIMES, WRONGS, OR ACTS.—
*987 (a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
In this case, the state’s notice of similar act evidence said that it intended to offer evidence of “another similar crime relevant to prove motive, opportunity, intent, plan, preparation, knowledge, identity, absence of mistake or accident, pattern of criminality, etc.,” and proceeded to describe the testimony of the two half-sisters. Up until the words “pattern of criminality,” it is clear that the notice merely parroted the statute without specifying which of these things to which the evidence related. As the added category “pattern of criminality” is not contained in the statute, it cannot be taken seriously.
I suspect that most jurors — as, indeed, for most people generally — have as their first question whether any particular individual could possibly commit this loathsome act. Sexual acts with children of such tender years probably so revolt the average person that the first step in believing someone guilty of the act is to satisfy oneself that the person is really capable of doing it. In short, they look for a propensity to do the act.
The very lack of specificity in the state’s notice here betrays to me a strong suggestion that what the state is really trying to prove is that the defendant is actually capable of doing such a revolting thing. Once that hurdle has been overcome, the ability to convict is decidedly easier. I thus have some difficulty with the use of such evidence in trials for this crime, and at a very minimum I think appellate judges should scrutinize such similar act evidence very carefully.
At the same time, defendant has got to object to it. The cases make absolutely clear that it is not enough to move to exclude it without a renewal of the objection when the evidence is actually offered. Here the defense did not make a contemporaneous objection, even though there had been a full exposition of the subject at the beginning of trial. The trial judge was thus deprived of the opportunity to decide the exclusion question as against the actual evidence presented at the trial. That lost opportunity effected a waiver of the objection. I therefore join in the affirmance.